**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

UNITED STATES OF AMERICA

vs.

MITCHELL CLAPPER
_____/

CASE NO: 11-20445-04

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

### ORDER REVOKING BOND

Subsequent to receiving a written report from the supervising Pretrial Services officer, a bond violation hearing was held on December 20, 2011.  Defendant was represented by counsel at the hearing.  The court received the comments of the government counsel, and counsel for the Defendant offered no comments.

In her report, filed December 16, 2011, the Pretrial Services Officer notes that at the Defendant's initial appearance and arraignment on charges of uttering counterfeit securities, preliminary urinalysis was positive for marijuana.   More importantly, approximately a month later, while on bond, the Defendant again tested positive for marijuana.  Among the Defendant's conditions of bond was the requirement that he attend substance abuse treatment.  He did so on August 12, but he failed to report for group treatment sessions on August 9 and August 19.

On August 26, during a home call conducted by the Pretrial Services Officer, the Defendant admitted that he had not stopped using marijuana.  A urinalysis specimen submitted October 27 at the Sacred Heart rehabilitation facility was found to be invalid because it was diluted.  The Defendant was ordered to appear for random urinalysis testing by the Pretrial Services Officer on November 16.  The specimen was found to be positive for marijuana, both at the preliminary and lab analysis stages. The Defendant was invited to discuss the matter with Pretrial Services, but he failed to call the Officer.  The Defendant has

also failed to report on December 7, and failed again to appear for random urinalysis testing at the Sacred Heart facility on December 15.

The Defendant has established a consistent pattern of refusal to comply with fundamental conditions of his bond.  As a result, I am forced to conclude that there are no conditions, nor any combination of bond conditions which will reasonably assure either the safety of the community, or the Defendant's appearance.

Accordingly, **IT IS ORDERED** that the Defendant's bond is hereby **revoked**, and he is remanded into the custody of the U.S. Marshal's Service.

Review of this Order is governed by 28 U.S.C. § 636(b)(1)(A) and E.D. Mich.  LR 72.1(d)(1).  Pursuant to Local Rule 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

|  |  |
|---|---|
|  | s/ *Charles E Binder* |
|  | CHARLES E. BINDER |
| Dated: December 21, 2011 | United States Magistrate Judge |

### CERTIFICATION

I hereby certify that this Order was electronically filed this date, electronically served on Libby Dill and Philip Sturtz, and served on Pretrial Services and the U.S. Marshal's Servicein the traditional manner.

Date: December 21, 2011          By     s/*Jean L. Broucek*
                                 Case Manager to Magistrate Judge Binder